## CIRCUIT COURT OF BALTIMORE CITY

Filed October 4, 1889.

### HENRY C. ROCHE ET AL.
### VS.
### EDMUND G. WATERS ET AL.

**DENNIS, J.—**

Judge Dennis yesterday filed an opinion and signed a decree in the case of Henry C. Roche, John S. Tyson, guardian et al. vs. Edmund G. Waters et al., determining the question as to whether certain infants were concluded by proceedings in an equity case in the Superior Court in 1859, entitled Hitch vs. Davies. There was a settlement by will in favor of a married woman for life, and thereafter for her issue living at her death, with a contingent limitation even in the event of a failure of issue.

There are now two sets of children of the equitable life tenant, viz: Those born before the decree and those born afterwards. The plaintiffs in the present case claim title under the decree which was passed for a sale of a part of a tract of real estate to pay an assessment of $5,000 for opening and paving Gilmor street through it. They admit that the children unborn at the date of the decree are not concluded, but contend that those then born are bound, although they filed the bill as plaintiffs against the parties owning the contingent remainder, and were not made defendants, nor summoned, and no answer was filed by a guardian ad litem on their behalf. The present proceeding in the Circuit Court was instituted by Messrs. Schmucker & Whitelock, as solicitors for the plain-

tiffs. Thomas L. Baer represents the defendants. The text of the opinion is as follows:

"The ground upon which the jurisdiction of a Court of equity is invoked can only be determined by an inspection of the bill itself, and depends upon its allegations.

"Testing the bill filed in the case of Hitch vs. Davies, which is the subject of review under the question of law raised in this case, by this rule, it is I think, clear, that it was filed under the jurisdiction conferred by those provisions of the statute which were afterwards incorporated in Sec. 36, Art. 16 of the Code of 1860.

"If this be so, it is equally clear, both upon the face of the statute and the authority of Hunter vs. Hatton, 4 Gill, that the infants, William F. Waters and Mary Augusta Waters, were not made parties to that cause in the manner required by law, and hence are not bound by the decree.

"The unreported case of Ridgely vs. Barton, 67 Md., whose authority has been so strenuously insisted upon by the solicitors for the plaintiffs in this case, does not conflict with this conclusion. In that case the Court distinctly put its decision upon the ground that the infants had been properly made parties under the original bill, and that, at the time of the passing of the final decree, all the parties and the entire subject matter were before the Court. Moreover, it will be observed that, in that case, so much of the decree as provided for an exchange of a portion of the property was but a preliminary step to the final action under the decree, viz: a sale of the whole, in other words, the provision for a partial exchange in order that the whole might be sold, was altogether incidental and subordinate to the main relief sought in the original bill."

The plaintiffs have taken an appeal to the Court of Appeals.

The effect of the decision, if unreversed, will be to leave the plaintiffs with only an estate for the life of the equitable life tenant instead of the fee simple title.